LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29814

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GABRIEL H. DRILL, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-08-09633)

2010 AUG 30 AM 8: 15 FILED JEAN R. KIKUMO CLERK, APPELLATE COURTS STATE OF HAWAII

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, Leonard, JJ.)

Defendant-Appellant Gabriel H. Drill (Drill) appeals from the portion of the Judgment entered on April 8, 2009, in the District Court of the First Circuit (district court)[1] that pertains to Drill's conviction and sentenced on the charge of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) and (b)(3) (Supp. 2008).

On appeal, Drill argues that the district court erred by denying his motion to dismiss the OVUII charge because the written complaint and oral charge failed to state an essential element of the offense, namely, that Drill operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway.[2]

Plaintiff-Appellee State of Hawai'i (State) concedes error based on State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), and it requests that Drill's OVUII conviction be vacated and that the case be remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

---

[1] The Honorable William A. Cardwell presided.

[2] Drill moved pretrial to dismiss the OVUII charge as insufficient and the district court denied Drill's motion before trial.

Upon careful review of the record and the briefs submitted by the parties, we resolve Drill's point of error on appeal as follows:

"[T]he operation [or the assumption of actual physical control] of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180. The OVUII charge brought against Drill was insufficient because it failed to allege that Drill operated and/or assumed actual physical control of a vehicle upon a public way, street, road, or highway. Id.

Therefore,

IT IS HEREBY ORDERED that the portion of the district court's April 8, 2009, Judgment that pertains to Drill's conviction and sentence on the OVUII charge is vacated, and the case is remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, August 30, 2010.

On the briefs:

Setsuko Regina Gormley
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
for City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

2